UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUTHER C. DAWSON, JR.,<br><br>Plaintiff,<br><br>v.<br><br>SANTANDER CONSUMER USA, INC., et al.,<br><br>Defendants. | Case No.:  22cv849-JLS (MSB)<br><br>**ORDER:**<br>**(1) GRANTING EX PARTE APPLICATION TO CHANGE EARLY NEUTRAL EVALUATION DATE [ECF NO. 8]; AND**<br>**(2) SUA SPONTE CONVERTING THE EARLY NEUTRAL EVALUATION CONFERENCE AND CASE MANAGEMENT CONFERENCE TO VIDEO CONFERENCES** |

On July 25, 2022, Defendant Santander Consumer USA, Inc. ("Santander") filed an "Ex Parte Application to Change Early Neutral Evaluation Date Due to Party and Counsel Unavailability." (ECF No. 8.)   In the motion, Santander explains that it has two conflicts with the August 17, 2022 Early Neutral Evaluation ("ENE") date previously set by this court:  its party representative is scheduled to attend a mediation in another case and its counsel will be away on a preplanned international vacation.  (Id. at 2; ECF No. 8-1 at 2-3.)  Counsel for Plaintiff and Defendant Experian indicated to Santander's counsel that their clients do not oppose continuing the ENE and Case Management Conference ("CMC"), provided the new date works with the schedules of the parties and their counsel.  (Id. at 3.)  On July 25, 2022, the Court's clerk provided available dates to

Santander's counsel to circulate between the parties.  On July 26, 2022, Santander's counsel informed the Court via email, copied to counsel for all parties, that all necessary participants as required by the Court's Notice and Order for Early Neutral Evaluation Conference and Case Management Conference [ECF No. 7] are available on August 31, 2022, at 9:30 a.m.

Based on the foregoing, the Court finds good cause to **GRANT** the ex parte application and **CONTINUE** the ENE/CMC.  Additionally, the Court **sua sponte CONVERTS** the ENE/CMC to video conferences.  The Court **ORDERS** as follows:

The ENE and CMC previously scheduled for August 17, 2022, are **CONTINUED** to **August 31, 2022**, at **9:30 a.m.**, and will be held via **video conference** through the Court's ZoomGov account.  All discussions at the ENE Conference will be informal, off the record, privileged, and confidential.  Counsel for any non-English speaking party is responsible for arranging for the appearance of an interpreter at the conference.  The following rules and deadlines apply:

1. **Personal Appearance of Parties Required**:  All named parties, party representatives, including claims adjusters for insured defendants, as well as the principal attorney(s) responsible for the litigation, must participate in the video conference, and be legally and factually prepared to discuss and resolve the case. Counsel appearing without their clients (whether or not counsel has been given settlement authority) will be cause for immediate imposition of sanctions and may also result in the immediate termination of the conference.

2. **Full Settlement Authority Required**:  A party or party representative with full settlement authority[1] must be present at the conference.  Retained outside

---

[1] "Full settlement authority" means that the individuals at the settlement conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties.  Heileman Brewing Co. v. Joseph Oat Corp., 871 F.2d 648, 653 (7th Cir. 1989). The person needs to have "unfettered discretion and authority" to change the settlement position of a

corporate counsel shall not appear on behalf of a corporation as the party representative who has the authority to negotiate and enter into a settlement.

3. **Confidential ENE Statements Required**: No later than **August 24, 2022**, the parties shall submit directly to Magistrate Judge Berg's chambers (via hand delivery or by e-mail to the Court at efile_berg@casd.uscourts.gov), confidential settlement statements. The ENE statement is limited to **five (5) pages or less, and up to five (5) pages of exhibits or declarations.** Each party's ENE statement must outline (1) the nature of the case and the claims, (2) position on liability or defense, (3) position regarding settlement of the case with a **specific demand/offer for settlement**, and (4) any previous settlement negotiations or mediation efforts.

If a specific demand or offer cannot be made at the time the ENE statement is submitted, then the reasons as to why a demand or offer cannot be made must be stated. Further, the party must explain when they will be in a position to state a demand or offer. General statements such as a party will "negotiate in good faith" is <u>not</u> a specific demand or offer. The ENE statement should be submitted confidentially and need not be shared with other parties.

4. The Court will use its official Zoom video conferencing account to hold the ENE. **IF YOU ARE UNFAMILIAR WITH ZOOM:** Zoom is available on computers through a download on the Zoom website (https://zoom.us/meetings) or on mobile devices through the installation of a free app.[2] Joining a Zoom conference does not require creating a Zoom account, but it does require downloading the .exe file (if using a

---

party. <u>Pitman v. Brinker Int'l, Inc.</u>, 216 F.R.D. 481, 485–86 (D. Ariz. 2003). The purpose of requiring a person with unlimited settlement authority to attend the conference contemplates that the person's view of the case may be altered during the face to face conference. <u>Id.</u> at 486. A limited or a sum certain of authority is not adequate. See <u>Nick v. Morgan's Foods, Inc.</u>, 270 F.3d 590, 595–97 (8th Cir. 2001).

[2] If possible, participants are encouraged to use laptops or desktop computers for the video conference, as mobile devices often offer inferior performance.

computer) or the app (if using a mobile device). Participants are encouraged to create an account, install Zoom, and familiarize themselves with Zoom in advance of the ENE.[3] There is a cost-free option for creating a Zoom account.

5. Prior to the start of the ENE, the Court will e-mail each ENE participant an invitation to join a Zoom video conference. Again, if possible, participants are encouraged to use laptops or desktop computers for the video conference, as mobile devices often offer inferior performance. Participants shall join the video conference by following the ZoomGov Meeting hyperlink in the invitation. **Participants who do not have Zoom already installed on their device when they click on the ZoomGov Meeting hyperlink will be prompted to download and install Zoom before proceeding**. Zoom may then prompt participants to enter the password included in the invitation. All participants will be placed in a waiting room until the ENE begins.

6. Each participant should plan to join the Zoom video conference **at least five minutes before** the start of the ENE to ensure that the ENE begins promptly at **9:30 a.m. The Zoom e-mail invitation may indicate an earlier start time, but the ENE will begin at the Court-scheduled time.**

7. Zoom's functionalities will allow the Court to conduct the ENE as it ordinarily would conduct an in-person ENE. That is, the Court will begin the ENE with all participants joined together in a main session. After an initial discussion in the main session, the Court will divide participants into separate, confidential sessions, which Zoom calls Breakout Rooms.[4] In a Breakout Room, the Court will be able to communicate with participants from a single party in confidence. Breakout Rooms will also allow parties and counsel to communicate confidentially without the Court.

///

---

[3] For help getting started with Zoom, visit: https://support.zoom.us/hc/en-us/categories/200101697-Getting-Started.

[4] For more information on what to expect when participating in a Zoom Breakout Room, visit: https://support.zoom.us/hc/en-us/articles/115005769646.

**8.** No later than **August 24, 2022**, counsel for each party shall send an e-mail to the Court at efile_berg@casd.uscourts.gov containing the following:

    a. The **name and title of each participant**, including all parties and party representatives with full settlement authority, claims adjusters for insured defendants, and the primary attorney(s) responsible for the litigation;

    b. An **e-mail address for each participant** to receive the Zoom video conference invitation; and

    c. A **telephone number where each participant** may be reached so that if technical difficulties arise, the Court will be able to proceed telephonically instead of by video conference.  (If counsel prefers all participants of their party on a single conference call, counsel may provide a conference number and appropriate call-in information, including an access code, where all counsel and parties or party representatives for that side may be reached as an alternative to providing individual telephone numbers for each participant.)

**9.** All participants shall display the same level of professionalism during the ENE and be prepared to devote their full attention to the ENE as if they were attending in person.  Because Zoom may quickly deplete the battery of a participant's device, each participant should ensure that their device is plugged in or that a charging cable is readily available during the video conference.

**10.** **New Parties Must be Notified by Plaintiff or Plaintiff's Counsel**:  Plaintiff's counsel shall give notice of the ENE to parties responding to the complaint after the date of this notice.

**11.** **Case Management Conference**:  If the case does not settle during the ENE, the Court will conduct the Case Management Conference.  In preparation for this conference, the parties must do the following:

    a. Meet and confer pursuant to Fed. R. Civ. P. 26(f) no later than **August 17, 2022**;

///

    b. File a Joint Discovery Plan no later than **August 24, 2022**. Agreements made in the Joint Discovery Plan will be treated as binding stipulations that are effectively incorporated into the Court's Case Management Order. The Joint Discovery Plan must be one document and must cover the parties' views and proposals for each item identified in Fed. R. Civ. P. 26(f)(3). In addition, the Joint Discovery Plan must include the following:

      i. **Service**: A statement as to whether any parties remain to be served and, if so, a proposed deadline for service;

      ii. **Amendment of Pleadings**: The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings;

      iii. **Protective Order**: Whether a protective order is contemplated to cover the exchange of confidential information and, if so, the date by which the proposed order will be submitted to the Court;

      iv. **Privilege**: The procedure the parties plan to use regarding claims of privilege and whether an order pursuant to Fed. R. Evid. 502 will be sought;

      v. **Evidence Preservation**: Whether the parties have discussed issues related to the preservation of relevant evidence and if there are areas of disagreement, how the parties are resolving them;

      vi. **Electronic Discovery**: In addition to the requirements set forth in Fed. R. Civ. P. 26(f)(3)(C), the parties must describe their agreements regarding methodologies for locating and producing electronically stored information and the production of metadata, and must identify any issues or agreements regarding electronically stored information that may not be reasonably accessible (see Fed. R. Civ. P. 26(b)(2)(B));

///
///
///

        vii.    **Discovery**: In addition to the requirements of Fed. R. Civ. P. 26(f)(3)(B), the parties must describe the discovery taken to date (if any), any proposed limitations or modifications of the discovery rules, and any identified discovery disputes; and

        viii.    **Related Cases**: Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.

    c.    Exchange initial disclosures pursuant to Rule 26(a)(1)(A-D) no later than **<u>August 24, 2022</u>**.

**12.**    **Requests to Continue an ENE Conference**: Requests to continue ENEs are rarely granted. An ENE may be rescheduled only upon a showing of good cause and adequate notice to the Court. **Absent good cause, requests for continuances will not be considered unless submitted <u>in writing</u> no fewer than seven (7) calendar days prior to the scheduled conference**.

The deadline and requirements in the instant Order supersede those from the Court's previous Notice and Order for Early Neutral Evaluation Conference and Case Management Conference [ECF No. 7].

**IT IS SO ORDERED**.

Dated: July 26, 2022

Honorable Michael S. Berg
United States Magistrate Judge